UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MARCUS MABLE, JR.,

Plaintiff,

v.

SGT. MELLISA,

Defendant.

Civil No. 01-1229 (MJD/JMM)

REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Kandiyohi County Jail in Willmar, Minnesota, has filed a Complaint seeking relief for alleged violations of his federal constitutional rights. Plaintiff did not pay the full $150 filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading, pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it will be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915A.

## I. BACKGROUND

Plaintiff is attempting to sue an individual identified as "Sgt. Mellisa," who allegedly is a correctional officer at the Kandiyohi County Jail. In support of his claim against Defendant Melissa, Plaintiff alleges only the following:

FILED JUL 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> "Civil Suit for Violating My First Amendment of The Federal Constitution Right Religion Freedom."

(Complaint, [Docket No. 1], p. 3, § IV.) The Complaint includes no other factual allegations or information of any kind. Nor does the Complaint provide any hint as to the type of relief that Plaintiff is seeking.[1]

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, his Complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1). The Court finds that the present action must be summarily dismissed in its entirety pursuant to § 1915A(b), because Plaintiff has not stated any cause of action on which relief can be granted.

---

[1] Plaintiff's prayer for relief is as follows:

> "I want to sue for violating the First Amendment of the Constitution Right Religion Freedom. Also disbar to punish for wrong doing."

(Complaint, p. 4, § V.)

To state a claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's Complaint fails to state an actionable § 1983 claim, because it does not allege any facts describing any specific wrongful conduct by the named Defendant, Sgt. Mellisa. There are no factual allegations of any kind showing what, specifically, Defendant Melissa is accused of having done or failed to do that allegedly violated Plaintiff's constitutional rights. Plaintiff cannot contend that he was unaware of the need to include factual allegations describing the specific wrongful acts or omissions of the named Defendant, because the form he used to prepare his pleading specifically

advised him to set forth a summary of the "facts" on which his claims are based, and directed him to "[d]escribe how each individual defendant is personally involved, including dates, places and specific wrongful acts or omissions of each defendant." (Complaint, § IV; emphasis in the original form.) Despite this instruction, Plaintiff's "statement of claim" does not include any allegations attributing any specific act or omission to Defendant Mellisa. Indeed, the Complaint includes no factual allegations of any kind. Plaintiff has therefore failed to state a claim on which relief can be granted.

Furthermore, even if Plaintiff had adequately explained how Defendant Melissa allegedly violated his federal constitutional rights, this action still would have to be dismissed, because Plaintiff has failed to exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a). That statute, which was enacted in 1996 as part of the PLRA, provides that

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Section 1997e(a) clearly requires that prisoners must exhaust all of their available administrative remedies before they can challenge the conditions of their confinement in a lawsuit brought in federal court. "Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'" Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998), quoting 141 Cong.Rec. H1472-06, *H1480 (daily ed. Feb. 9, 1995). "Congress has mandated exhaustion clearly enough,

regardless of the relief offered through administrative procedures." Booth v. Churner, 121 S.Ct. 1819, 1825 (2001).

When a prisoner brings a civil rights action in federal court alleging that the conditions of his confinement are somehow unconstitutional, he must affirmatively demonstrate in his complaint that he has satisfied § 1997e(a) by exhausting all available administrative remedies. If his pleading does not include specific factual allegations showing that the exhaustion requirement has been satisfied, then the prisoner has failed to state an actionable claim, and his complaint is subject to summary dismissal. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) ("dismissal on the pleadings is proper for failure to plead the exhaustion of all administrative remedies").

In this case, Plaintiff's Complaint plainly indicates that there is a prison grievance procedure available to him at the institution where he is confined, and that he did not seek relief under that procedure. (Complaint, p. 2, § II.) It is therefore obvious that Plaintiff has not complied with 42 U.S.C. § 1997e(a). For this additional reason, his Complaint fails to state a viable cause of action.

Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the

proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal"). Plaintiff has not paid any part of that fee to date, so he still owes the full $150. Jail officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150 fee, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: July 18, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before August 2, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500